(83 Misc. Rep. 51.)

### KITELSON v. STEEL & MASONRY CONTRACTING CO.

### YOUNGQUIST v. SAME.

(Supreme Court, Appellate Term, First Department.   December 11, 1913.)

MASTER AND SERVANT (§ 278*)—INJURIES TO SERVANT—DEFECTIVE SCAFFOLD——LABOR LAW—NEGLIGENCE—PRIMA FACIE CASE.

Under Labor Law (Consol. Laws 1909, c. 31) § 18, imposing a mandatory duty on a master to furnish safe scaffolds to servants employed in erecting structures, the fact that a scaffold broke, by reason of defects in the materials furnished, tended to show a violation of such duty and was sufficient to establish a prima facie case of actionable negligence.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 954, 956–958, 960–969, 971, 972, 977; Dec. Dig. § 278.*]

Appeal from City Court of New York, Trial Term.

Actions by Frederick Kitelson and Charles Youngquist against the Steel & Masonry Contracting Company. From a nonsuit granted at the close of plaintiff's case, plaintiffs appeal. Reversed, and new trial ordered.

Argued November term, 1913, before LEHMAN, PAGE, and WHITAKER, JJ.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Francis X. McCollum, of New York City (Raphael Link, of New York City, of counsel), for appellants.

Hitchings & Dow, of New York City (Hector M. Hitchings, of New York City, of counsel), for respondent.

PAGE, J. The actions were to recover damages for personal injuries. The plaintiffs were iron workers employed by the defendant and engaged in erecting a structure upon a pier in this city. A scaffold was constructed by the plaintiffs and their fellow workmen from materials supplied by the defendant. This scaffold was constructed by placing planks across two wooden needle beams, to make a platform to stand upon. The needle beams were suspended from the trusses of the structure by means of ropes tied three or four feet from the end of each beam. The plaintiffs were standing upon the scaffold, and a fellow workman was passing up tools to them preparatory to commencing work, when one of the beams broke at a place near where there was a knot. The plaintiffs were thrown off and injured.

At the close of the plaintiffs' case the complaints were dismissed upon the theory that the plaintiffs had failed to prove negligence of the defendant.

Section 18 of the Labor Law (Consol. Laws 1909, c. 31) imposes a mandatory duty upon the master to furnish a safe scaffold to his servants employed as were the plaintiffs. The fact that this scaffold broke by reason of defects in the materials furnished tends to prove that this duty was violated. A violation of that duty was negligence, or, at least, evidence of negligence which was sufficient to establish a prima facie case. Caddy v. Interborough Rapid Transit Co., 195 N. Y. 415, 88 N. E. 747, 38 L. R. A. (N. S.) 30; Holsapple v. International Paper Co., 152 App. Div. 606, 609, 137 N. Y. Supp. 450.

The judgments will therefore be reversed, and a new trial ordered, with costs to the appellants to abide the event. All concur.